IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHERINE LEACH, GARRY K. LEACH, MARK BROWDER, TERRI BROWDER, on behalf of themselves and those Similarly situated, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:24-cv-000885-ALM |
| GATEWAY CHURCH, ROBERT MORRIS, THOMAS M, LANE, KEVIN L. GROVE, STEVE DULIN, | § § § § § | |
| *Defendants*. | § | |

## DEFENDANT ROBERT MORRIS'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM BRIEF

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Robert Morris respectfully submits this Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "Complaint") (Dkt. No. 9), for lack of subject matter jurisdiction and failure to state a claim.

### I.   BACKGROUND

On October 18, 2024, Plaintiffs filed their Amended Class Action Complaint against Mr. Morris, Gateway Church (the "Church"), and three other individuals, alleging three causes of action arising out alleged misuse of tithes and donations to Gateway Church, where Mr. Morris served as Senior Pastor. The Church and co-defendants Thomas M. Lane and Kevin L. Grove each filed motions to dismiss the Complaint. (Dkt. Nos. 24 (Church's motion); 27 (Lane's motion); and 31 (Grove's motion) (collectively, the "Motions to Dismiss")). As set forth below, Defendant

1

Morris hereby fully adopts and incorporates herein each of the Motions to Dismiss and all the arguments contained therein.

## II.     LEGAL STANDARD

Rule 12(b)(1) authorizes courts to dismiss a case when the district court lacks subject matter jurisdiction over the claims. *See Bolduc v. Amazon.com, Inc.*, 2024 WL 1808616, at *2 (E.D. Tex. Apr. 25, 2024). *See also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011) (affirming dismissal of class action for lack of subject matter jurisdiction under the Class Action Fairness Act ("CAFA")); *Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 724 (1976) (quoting *Watson v. Jones*, 80 U.S. 679, 733 (1871)) (affirming dismissal of action pursuant to the church autonomy doctrine).

Rule 12(b)(6) requires dismissal when a pleading fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 9(b) further imposes a heightened pleading standard with respect to claims of fraud, requiring that "the circumstances constituting fraud or mistake" shall be "state[d] with particularity." Fed. R. Civ. P. 9(b). The particularity imposed by Rule 9 can only be met by providing "the essentials of the first paragraph of any newspaper story, namely the who, what, when, where and how." *Medler v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994). Failure to satisfy Rule 9(b) "authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Eichner v. Ocwen Loan Servicing, LLC*, 2023 WL 1971264, at *4 (E.D. Tex. Feb 13, 2023).

### III. ARGUMENT

The Court should dismiss the Complaint against Mr. Morris, in its entirety, for the reasons amply set forth in his co-defendants' Motions to Dismiss. In particular:

- The Court lacks subject matter jurisdiction over the Complaint as to Mr. Morris because the "home state exception" of the CAFA eliminates federal jurisdiction over Plaintiffs' claims. *See* 28 U.S.C. § 1332(d)(4)(B).

- The Court lacks subject matter jurisdiction over the Complaint as to Mr. Morris because the ecclesiastical abstention doctrine bars consideration of Plaintiffs' claims, all of which would require the Court to tread upon matters of religious doctrine and internal church governance.

- Plaintiffs' fraud allegations (Counts One and Three) should be dismissed because they fail the exacting pleading standards of Rule 9(b), and in any event, fail to state a viable claim under Rule 12(b)(6) because the Complaint (1) fails to allege any material misstatement upon which Plaintiffs reasonably relied; and (2) alleges conduct outside the statute of limitations.

- The Breach of Contract and Conspiracy to Breach Contract claim (Count Two) should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because the Complaint (1) fails to allege an enforceable contract, (2) conspiracy to breach a contract is not a viable claim under Texas law, and (3) the alleged conduct occurred outside the statute of limitations. Furthermore, Mr. Morris joins Defendant Lane' motion to dismiss this claim because (4) Plaintiffs have failed to allege any privity of contract between themselves and Mr. Morris.

In the Eastern District and elsewhere, courts have found it appropriate for parties to incorporate arguments from other motions previously filed by co-parties (or themselves) in the same matter. *See*, *e.g.*, *Phx. Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14-CV-965-JRG-RSP, 2015 U.S. Dist. LEXIS 134038, at *5-6 (E.D. Tex. 2015) ("[T]he ruling set forth herein applies equally to the Hyatt Motion to Dismiss in light of Hyatt's adoption and incorporation of the Century Link Motion to Dismiss."); *Baker v. City of McKinney*, 601 F. Supp. 3d 124, 132 n.3 (E.D. Tex. 2022) (noting that because the City "incorporat[ed] the arguments set forth in its Motion to Dismiss … the Court will refer to portions of the arguments set forth in the City's Motion to

Dismiss, even though that motion has been resolved"). As such, it is appropriate here for Robert Morris to incorporate the arguments raised by co-defendants in the Motions to Dismiss.

## IV. CONCLUSION

For the reasons stated above and in co-defendants' Motions to Dismiss, the Court should dismiss all counts of Plaintiffs' Complaint against Robert Morris pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b).

Dated: February 18, 2025             Respectfully submitted.

                                     By: /s/ William B. Mateja
                                         WILLIAM B. MATEJA
                                         Texas Bar No. 13185350
                                         BMateja@sheppardmullin.com
                                         Elisha J. Kobre
                                         Texas Bar No. 24127663
                                         EKobre@sheppardmullin.com
                                         Jason C. Hoggan
                                         Texas Bar No. 24083188
                                         JHoggan@sheppardmullin.com

                                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                     2200 Ross Avenue, 20th Floor
                                     Dallas, Texas 75201
                                     Telephone (469) 391-7400
                                     Facsimile (469) 391-7401


                                     ATTORNEY FOR ROBERT MORRIS

**CERTIFICATE OF SERVICE**

    I certify that on this 18th day of February, 2025, all counsel of record who have consented to electronic service were served with a true and correct copy of the foregoing document via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure.

                                                    */s/ William B. Mateja*
                                                    WILLIAM B. MATEJA