IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHERINE LEACH, GARRY K. LEACH, MARK BROWDER, TERRI BROWDER, on behalf of themselves and those Similarly situation, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-000885-ALM |
| GATEWAY CHURCH, ROBERT MORRIS, and STEVE DULIN, | § § § § | |
| Defendants. | § § § | |

**AGREED PROTECTIVE ORDER**

Before the Court is Plaintiffs Katherine Leach, Garry K. Leach, Mark Browder, and Terri Browder, and Defendants Gateway Church, Robert Morris, and Steve Dulin's (collectively, "the Parties") Agreed Motion for Protective Order (Dkt. #74). The Parties believe that certain categories of information that are or will be encompassed by the Parties' discovery requests will involve the production or disclosure of proprietary business information (including intellectual property, financial data, or other proprietary information), as well as personally identifiable information, and should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

It is hereby stipulated among the Parties and ORDERED that:

1. As used in this Order, "Confidential Information" shall include all information and materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations, provide improper advantage to others, and/or violate a party's obligation of confidentiality to a third party. "Confidential Information" shall include, but shall not be limited to, information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; (5) technical details of products or methods of doing business and/or marketing; and/or (6) personally identifiable information.

2. As used in this Order, "Highly Confidential – Attorneys' Eyes Only" information and materials shall include trade secrets within the meaning of the Defend Trade Secrets Act and all information and materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

3. This Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information that the disclosing party designates as "Confidential Information" and/or "Highly Confidential – Attorney Eyes Only" (in the manner prescribed below), directly or indirectly, by or on behalf of any party or third party in connection with this action.

4. Nothing in this Agreed Protective Order requires the production of privileged or work-product information and materials, or any information and materials that are otherwise not

subject to discovery. In accordance with Federal Rule of Evidence 502, except when a party intentionally waives attorney-client privilege or work-product protection by disclosing such information and indicating its intention to waive privilege to an adverse party, the disclosure of attorney-client or work-product protected information does not constitute a waiver in this or any other proceeding. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return and destroy such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

     5.     A party shall designate as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" only those materials that the designating party in good faith believes constitutes material used by it in, or pertaining to, its business which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. One who provides material may designate it as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential information as defined in Paragraphs 1-2. "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only" information shall be used by any recipient solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

     6.     Information designated as "Confidential Information" may be disclosed only to the following persons:

a. Outside and in-house counsel working on this action on behalf of any party, including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

b. Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the Parties, as defined below (or their parents, subsidiaries, affiliates, or related companies), with disclosure only to the extent necessary to perform such work. In no event may the Parties or their counsel disclose any materials designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," whether or not the expert has executed Exhibit A to this Order;

c. The members of the board of elders of Gateway Church as well as no more than three (3) employees of each party, with disclosures only to the extent necessary to perform such work;

d. The United States District Court for the Eastern District of Texas (hereinafter "the Court").

7. Information designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons:

a. Outside counsel of record working on this action on behalf of any party, including paralegals, secretaries, assistants, and stenographic and clerical employees working under the supervision of such counsel;

b. Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties, with disclosure only to the extent necessary to perform such work; and

      c.       The Court and its personnel.

      8.       Prior to disclosing "Confidential Information" to the persons described in Paragraph 6(b) and (c), and/or "Highly Confidential – Attorneys' Eyes Only" to the persons described in Paragraph 7(b) of this Order, the receiving party must provide to the Producing Party: (a) a signed Confidentiality Agreement in the form attached as Exhibit A; (b) the resume or curriculum vitae of the proposed expert or consultant, including the expert or consultant's business affiliation; and (c) a list of any current and past consulting relationships in the industry. The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the Producing Party, or, if any objection is made, until the parties have resolved the objection or the presiding judge has ruled upon any resultant motion.

      9.       Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

      10.       Each individual who receives any "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information under this Order hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to production: "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only."

12. In the event that a Disclosing Party discovers a failure to mark qualified information as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information, the other party shall be notified immediately, and the following corrective action shall be taken:

   a. The Receiving Party shall notify all persons who have received the information and/or document that they are designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" and must be treated as designated in this Order;

   b. The Receiving Party shall take all reasonable steps to place the applicable "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" label on the designated information and/or documents.

13. Information disclosed at a deposition may be designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information under the following circumstances:

   a. By indicating on the record during the deposition that the testimony is "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information and subject to the provisions of this Order, in which case the court reporter will be directed to produce a separate, confidential transcript or to indicate on the caption page of the transcript that some or all of its contents are governed by this Order and by marking such pages containing "Confidential Information" or "Highly

     Confidential – Attorneys' Eyes Only" material as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information; or

  b. Within thirty (30) days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information thereafter.

If no such designation is made at the deposition or within this thirty (30) calendar day period (during which period, the transcript must be treated as "Highly Confidential – Attorney Eyes Only" information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information.

  14. Transcripts of discovery depositions designated under this Order will not be filed with the Court unless it is necessary to do so for purposes of motions, trial, motions for summary judgment, or other matters. If a discovery deposition transcript is filed and it contains "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

  15. A party shall not be obligated to challenge the propriety of a "Confidential Information" or "Highly Confidential – Attorney Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party ten (10) days' prior written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief

from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only" is on the party asserting such designation.

16. The Court will maintain under seal those pleadings and exhibits that are filed under seal. Only those discovery materials (or any such portion thereof) that may be necessary to any motion shall be filed with the Court. Parties who seek to use any materials or papers, or any portion thereof, that disclose information designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information under this Order shall follow the Court's instructions for filing documents under seal, which are set forth in Local Rule CV-5(a)(7). Whenever materials subject to this Order are proposed to be filed in the Court record under seal, the party making such filing must separately and immediately before the document(s) sought to be sealed, submit a motion pursuant to Local Rule CV-5(a)(7)(B). Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file such motion; provided, however, that the filing of the motion shall be wholly without prejudice to the filing party's rights under Paragraph 15 of this Order.

17. In the event that any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information is used during this litigation, it shall not lose its "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

18. This Order shall survive the final termination of this or related proceedings to the extent that the "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information and materials have not or do not become known to the public.

19. Nothing in this Order shall preclude any party to the civil action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only."

20. Nothing in this Order shall preclude any party to the proceeding or their attorneys:

a. from showing a document designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only" to an individual who either prepared or reviewed the document prior to the filing of this action; or

b. from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only." Nothing in this Order will bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information and materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney will not make specific disclosure to any person of any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information and materials.

21. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that

such waiver or consent shall be either in writing or on the record in a hearing, trial, or deposition transcript.

22. A person or entity that is not a party to this litigation may take advantage of the protection of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" information and materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded to the disclosing party under this Order.

23. Within sixty (60) days of the termination of litigation between the parties, all "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only" information and all copies thereof shall be returned to the party that produced it or be destroyed, and the receiving party shall certify to the producing party that this destruction or return has been completed. However, outside counsel may maintain one copy of all correspondence and pleadings in accordance with the terms of this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

24. It is ORDERED that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

25. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

**IT IS SO ORDERED.**
**SIGNED this 10th day of May, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**Exhibit A**

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KATHERINE LEACH, GARRY K. LEACH, MARK BROWDER, TERRI BROWDER, on behalf of themselves and those Similarly situation, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-000885-ALM |
| GATEWAY CHURCH, ROBERT MORRIS, and STEVE DULIN, | § § § § | |
| Defendants. | § § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information as defined in the Protective Order in the above captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those

1

specifically authorized by the Protective Order, without the express written consent of the party who designated the information or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information, are to be returned to counsel who provided me with such documents and materials or are to be destroyed.

Date: _____

Printed Name: _____

Signature: _____

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KATHERINE LEACH, GARRY K. LEACH, MARK BROWDER, TERRI BROWDER, on behalf of themselves and those Similarly situation, | § § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:24-cv-000885-ALM |
| v. | § § | |
| GATEWAY CHURCH, ROBERT MORRIS, and STEVE DULIN, | § § § | |
| Defendants. | § § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, on behalf of _____ (the "Vendor") hereby affirm that:

Information, including documents and things, designated as "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information, as defined in the Protective Order in the above-captioned action, is being provided to the Vendor pursuant to the terms and restrictions of the Protective Order.

I am an authorized representative of the Vendor.

I have been given a copy of, and have read, the Protective Order.

I am familiar with the terms of the Protective Order, and I agree, on behalf of the Vendor, to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

The Vendor agrees not to use any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information disclosed to the Vendor pursuant to the Protective Order except

for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as "Confidential Information" or by order of the presiding judge.

I understand that the Vendor is to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information in a secure manner, and that all such documents and materials are to remain in the Vendor's custody until the completion of the Vendor's assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by the Vendor containing any "Confidential Information" or "Highly Confidential – Attorney Eyes Only" information, are to be returned to counsel who provided the Vendor with such documents and materials or are to be destroyed.

Date: _____

Vendor Name: _____

Representative Name: _____

Signature: _____.